L. STYLES, &c., v. G. W. RILEY, &c.

**Lien—Interest Note—Release Of.**

The giving of a note for the interest on a lien, is not a new debt, but the legal inurement of the lien debt, and an endorsed credit, nor taking of personal security without other evidence of actual acceptance as partial payment, cannot be considered as a release of the lien, **pro tanto.**

APPEAL FROM MARION CIRCUIT COURT.

October 12, 1870.

OPINION OF THE COURT BY JUDGE ROBERTSON:

If, as urged by Riley's counsel, Styles was not entitled to interest on the unpaid notes for his land since the declaration of Bray's bankruptcy, still, as he was charged with interest on his larger note as purchaser from the assignee without a credit for the lien notes, he was charged virtually with interest on his own money and the allowance complained of was, in effect, but a centralization of the unjust charge of interest against him.

The note for $274 seems to have been given for interest on the lien notes for the year 1865. That incidental interest was not a new debt, but the legal inurement of the lien debt, and neither the endorsed credit nor the taking of personal security without other evidence of actual acceptance as partial payment can be considered as tantamount to a release of the lien *pro tanto.* It seems to us, therefore, that the lien still subsists for so much of the note for $274 as was for interest. The decree disallowing the whole of the note is therefore adjudged erroneous.

But the disallowance of the $60 note was right.

Wherefore, the judgment is reversed, and the cause remanded for a credit of the note for $274 to the extent hereinbefore indicated.

*Thomas, for appellants.*
*Russell & A., for appellees.*